**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: ) | No. CV 12-02303-PHX-FJM |
| ) | |
| David J. Glimcher, et al., ) | **ORDER** |
| ) | |
| Debtors. ) | |
| ) | |
| The Glimcher Company; ) | |
| ) | |
| Appellant, ) | |
| ) | |
| vs. ) | |
| ) | |
| Brian J. Mullen, Chapter 7 Trustee, ) | |
| ) | |
| Appellee. ) | |
| ) | |

The court has before it appellant's emergency motion to dissolve the preliminary injunction (doc. 4), appellee's response to the emergency motion (doc. 8), appellant's reply (doc. 9), appellee's motion to dismiss the appeal (doc. 7), appellant's response (doc. 11), and appellee's reply (doc. 12).

On June 12, 2012, appellee filed a complaint in the bankruptcy court seeking to recover assets that debtor David J. Glimcher had transferred to the Glimcher Company. Count one of the complaint alleged that transfer of assets from debtor to the Glimcher Company is avoidable by the trustee under 11 U.S.C. § 547. On October 10, 2012, the bankruptcy court granted appellee's motion for summary judgment on count one. Appellee

1 subsequently filed a motion for preliminary injunction and a motion for final judgment on
2 count one.  On October 22, 2012, the bankruptcy court issued a preliminary injunction
3 against the Glimcher Company "to preserve the status quo and prevent dissipation of the
4 assets that were obtained by the defendant from the debtor."  In re David J. Glimcher, No.
5 2:11-BK-15333-RJH (Bankr. Ariz. October 22, 2012), Doc. 55.  Appellants then filed an
6 emergency motion to dissolve the preliminary injunction.  On November 16, 2012, the
7 bankruptcy court entered final judgment on count one, requiring turn over of the assets that
8 were obtained by the defendant from the debtor.

9      As acknowledged by appellant, a preliminary injunction dissolves upon entry of final
10 judgment.  Appellant's Motion to Dissolve Preliminary Injunction at 7; Reply at 8; U.S.
11 Philips Corp. v. KBC Bank, 590 F.3d 1091, 1093-94 (9th Cir. 2010).  Here, the preliminary
12 injunction dissolved on November 16, 2012, when the bankruptcy court entered final
13 judgment requiring turn over of the assets subject to the injunction.  Therefore, appellant's
14 emergency motion to dissolve the preliminary injunction (doc. 4) is moot.  Appellant
15 concedes this.  Appellant's Response to Motion to Dismiss Appeal at 7.

16 **IT IS ORDERED DENYING** as moot appellant's emergency motion to dissolve the
17 preliminary injunction (doc. 4), and **GRANTING** appellee's motion to dismiss the appeal
18 (doc. 7).

19 DATED this 12th day of December, 2012.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge